# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY<br>9275 Gunston Road<br>Fort Belvoir, VA 22060,<br><br>           Defendant. | Civil Action No. 16-cv-01020 |

## COMPLAINT

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records requested by Plaintiff Cause of Action Institute ("CoA Institute"). These records, which concern the use of telecommunications technology at the White House, are maintained by Defendant Department of the Army ("Defendant" or "Army") through its details at the White House Military Office and the White House Communications Agency.  For eight months, Defendant has failed to issue a timely determination on the administrative appeal filed by CoA Institute, which challenged the adequacy of Defendant's search for responsive records. Defendant maintains that it cannot locate any such material despite demonstrable evidence of there being responsive documents.  In so doing, Defendant has withheld records to which CoA Institute has a right and which serve the public interest in transparent and accountable government.

## **NATURE OF THE ACTION**

1.      The White House Military Office ("WHMO") is the component of the Executive Office of the President ("EOP") tasked with overseeing Department of Defense ("DOD") assets and personnel detailed to the White House.  *See* The White House, *The White House Military Office*, https://goo.gl/eHzaLx (last accessed May 31, 2016).

2.      The White House Communications Agency ("WHCA"), in turn, is the WHMO sub-office "dedicated to providing premier, worldwide, vital information services and communications support to the president and his staff."  Def. Info. Systems Agency, *White House Communications Agency*, http://www.disa.mil/Careers/WHCA (last accessed May 31, 2016).  WHCA is a joint service command, but the majority of its staff is detailed from the Army.  Def. Info. Systems Agency, *Army – How to Apply*, http://www.disa.mil/Careers/WHCA/How-to-Apply/Soldiers (last accessed May 31, 2016) ("The U.S. Army is . . . the largest element in WHCA, having 56% percent of the authorized military positions[.]).

3.      Although the WHMO and WHCA serve a functional role within EOP, their records are subject to FOIA.  *See* 32 C.F.R. § 284.6(i)(7) ("DoD Components that receive requests for records of . . . the White House Military Office (WHMO) shall process the requests.").  Defendant, whose employees are frequently detailed to WHMO and WHCA, is required to process requests for records of those offices.  *Id.* § 518.8(i)(6).

4.      In the course of an investigation into the pre-production review of politically-sensitive and embarrassing agency records requested by the public, members of Congress, and the courts, CoA Institute acquired a document from the Office of Management and Budget ("OMB") that reveals the role of the Army in facilitating teleconferences for the White House.  *See* Ex. 1 ("OMB e-mail").

5. The OMB e-mail—a communication to then-OMB Assistant General Counsel McGavock Reed and reproduced below—is a confirmation notice for a telephone conference line created by Defendant and originating from an Army e-mail account with the address "system.manager@conus.army.mil." *Id.*

**From:** system.manager@conus.army.mil [mailto:system.manager@conus.army.mil]
**Sent:** Thursday, January 02, 2014 4:25 PM
**To:** Reed, Mac
**Subject:** Confirmation Notice - Audio Conference 146295 - Stean Electric FOIA Call

Dear McGavock,

This email contains confidential information that you may want to modify before forwarding to anyone else. Please examine the details of your reservation to ensure that they are correct.

Please do not lose this email. If you would like to make any changes, please email us at DL-WHO-OPERATORS and reference your confirmation number.

**AUDIO CONFERENCE INFORMATION**

| | |
|---|---|
| Request Number | 4354 |
| Confirmation Number | 146295 |
| Conference Leader | McGavock Reed |
| Conference Requestor | McGavock Reed |
| Start Date and Time | 01-03-2014 2:30 PM |
| End Date and time | 01-03-2014 3:00 pm |
| Number of Participants | 8 |
| Conference Type | One-Time |
| Tones | On |
| Bridge Number | Exemption 2 |
| Conferee Passcode | Exemption 2 |
| Moderator Passcode | 471 8481 |
| Notes | |

NOTE: Below are a few items to keep in mind to help your conference go smoothly.

- *6 – Mute/UnMute.
- Individuals can use this code to mute or unmute their end of the conference if they don't have that capability available on the phone they called in from (i.e. cellular or home phone).
- Muting your end of the call when not actually talking, helps cut down on background noise and improve the overall quality of the call.
- Participants should NOT use the speakerphone capability on their phone unless they MUTE their phone from transmitting until they are ready to talk.
- A list of other conference commands is available upon request.

Thanks

6. Upon information and belief, the conference call referenced in the OMB e-mail occurred as part of consultation with the Office of the White House Counsel on the proposed treatment of OMB records responsive to a FOIA request. *See id.*; *see also* 5 U.S.C. § 552(a)(6)(B)(iii)(III) (discussing need for consultation with other agencies); Memorandum from Associate Attorney General Webster L. Hubbell to All Agency General Counsels (Nov. 3, 1993), *available at* http://goo.gl/5BNWke (discussing consultation with the White House on White House-originated records).

7. In light of the OMB e-mail, Defendant appears to play a vital role in facilitating interagency consultations, as well as other communications between the White House and the rest of the Federal government. Yet the precise role of Defendant in this respect is unknown.

8. In an effort to understand the use of conference call technology at the White House, and explore its possible connection with politicized agency decision-making, CoA Institute submitted a FOIA request to Defendant for records similar to the OMB e-mail. *See* Ex. 2. Again, to date, there is scant information available about the use of conference lines at the White House or the role of Defendant—and, by extension, WHMO and WHCA—in maintaining and implementing this technology. Records of this kind would help to educate the general public about the functioning of the modern administrative state.

9. In its final determination letter to the June 26, 2015 FOIA request, Defendant alleged that it had conducted a reasonable search but failed to locate any responsive records. *See* Ex. 4. The OMB e-mail belies that claim. The failure to conduct a reasonable search calculated to locate responsive records and the failure to issue a timely appeal determination requiring Defendant to conduct a supplemental search violate the rights of CoA Institute under FOIA.

## JURISDICTION AND VENUE

10. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

11. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. It regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

13. The Army is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of the records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

14. By letter, dated June 26, 2015, CoA Institute sent a FOIA request to Defendant seeking "all records of communications with any employee of [EOP] (*e.g.*, "@omb.eop.gov," "ostp.eop.gov," *etc.*), including but not limited to the Office of the White House Counsel ("@who.eop.gov"), concerning telephone and/or video conferences hosted and/or arranged by the military." Ex. 2.

15. The time period for this FOIA request was "January 1, 2015 to the present." *Id.*

16. In its request, CoA Institute clarified that "[r]esponsive records would include any e-mail requesting that a conference line be opened, as well as any subsequent confirmation e-mail or related correspondence." *Id.*

17. CoA Institute further explained that "the requested records may be maintained by the White House Military Office and/or the White House Communications Agency." *Id.* Although these entities operate within the White House, their records are subject to FOIA. 32 C.F.R. § 286.4(i)(7); *see also id.* § 518.8(i)(6).

18. CoA Institute also explained that, to the extent multiple DOD components, including other branches of the military, possess responsive records originating with WHMO or WHCA, Defendant "should forward and/or refer [the June 26, 2015] request, in relevant part, to those other components." Ex. 2 (citing 32 C.F.R. §§ 286.4(i), 286.23(g)); *see* 32 C.F.R. § 518.8(i).

19. CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.*

20. By letter, dated August 19, 2015, Defendant acknowledged receipt of the June 26, 2015 FOIA request. Ex. 3. The request was assigned an office control number of FA-15-0231 and a departmental control number of FP-15-026921, but Defendant did not issue a fee category determination, nor did it address the request for a public interest fee waiver. *Id.*

21. By letter, dated September 22, 2015, Defendant issued its final determination, alleging that it had made a "good faith effort to conduct a search" but failed to locate any responsive records. Ex. 4.

22. In conducting its search, the Army Disclosure Office appeared to have sent search memoranda to the "Chief of Legislative Liasion (OCLL), Defense Information System Agency (DISA), and Army's Enterprise Service desk (AESD)[.]" *Id.*

23. By letter, dated September 25, 2015, CoA Institute filed a timely administrative appeal of the adverse final determination. Ex. 5.

24. Defendant acknowledged receipt of the appeal on November 6, 2015. Ex. 6.

25. CoA Institute appealed the "failure to conduct an adequate search for potentially responsive records" and preemptively challenged "reliance on any of the FOIA 'exclusions' and its possible determination that the requested records are not 'agency records' for the purposes of FOIA." Ex. 5.

26. CoA Institute asked for a remand of its FOIA request for a supplemental search reasonably calculated to locate all responsive records, pointing to the demonstrable existence of Army records responsive to the June 26, 2015 FOIA request—that is, the OMB e-mail—and the reasonable inference that EOP staff participate in audio conferences on a frequent basis. *Id.*

27. To date, Defendant has not issued a final determination on the September 25, 2015 administrative appeal. On May 5, 2016, when Defendant acknowledged receipt of a notice of address change for CoA Institute, Defendant was still unable to identify an estimated date of completion or to provide any substantive update on the processing of the CoA Institute appeal. Ex. 7.

## COUNT I
### Violation of FOIA: Failure to Comply with Statutory Deadlines

28. CoA Institute repeats paragraphs 1 through 27.

7

29. FOIA requires agencies to issue a determination with respect to an administrative appeal within twenty (20) business days of receiving the appeal, 5 U.S.C. § 552(a)(6)(A)(ii), or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(B)(i). If an agency requires additional time, FOIA mandates that the agency provide the requester with "an opportunity to arrange with the agency an alternative time frame for processing" the appeal. *Id.* § 552(a)(6)(B)(ii).

30. Defendant acknowledged receipt of the September 25, 2015 administrative appeal on November 6, 2015 but has not issued a final determination within the time limit set forth in 5 U.S.C. § 552(a)(6).

31. By failing to respond to the appeal on a timely basis and by failing to make a supplemental search reasonably calculated to locate all records responsive to the FOIA request, Defendant has improperly denied CoA Institute access to agency records.

32. Defendant also failed to comply with FOIA in that it failed to arrange an alternative time frame for responding to the administrative appeal. In the absence of an estimated date of completion, CoA Institute does not believe it has the ability to arrange for an alternative time frame for the appeal determination.

33. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. order Defendant to make a final determination on the September 25, 2015 administrative appeal within twenty (20) business days of the date of the Order;

b. order Defendant to make a supplemental search reasonably calculated to locate all records responsive to the June 26, 2015 FOIA request and to produce all such responsive records promptly;

c. order Defendants to issue a *Vaughn* index accompanying the records produced explaining each redaction or withholding;

d. award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. grant such other relief as the Court may deem just and proper.

Date: May 31, 2016                                          Respectfully submitted,

*/s/ Julie Smith*
Julie Smith
D.C. Bar No. 435292
Lee A. Steven
D.C. Bar No. 468543
Ryan P. Mulvey
D.C. Bar No. 1024362

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
julie.smith@causeofaction.org
lee.steven@causeofaction.org
ryan.mulvey@causeofaction.org

*Counsel for CoA Institute*